# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NORMA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 10-1255-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title XVI of the Social Security Act for supplemental security income benefits. 42 U.S.C. § 1381. Plaintiff's application for benefits was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 22, 2010, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On November 10, 2010, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because

substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred in failing to elicit testimony from a vocational expert and instead relied solely on the Medical-Vocational Guidelines, despite the presence of her borderline intellectual functioning, which is a nonexertional impairment. In this case, the ALJ acknowledged that plaintiff had a diagnosis of borderline intelligence. However, the ALJ found this to be "a non-medically determinable, nonsevere impairment. The claimant's intelligence is not demonstrated to be the result of a medically determinable impairment, such as a learning disorder." (T. 13). The ALJ found that although plaintiff was limited intellectually, she was able to complete enough schooling to qualify as having a "limited education." The ALJ found that any deficiencies in her intelligence were therefore "encompassed in the educational aspect of her vocational profile, and need not be incorporated as a separate, medically determinable, impairment resulting in any further limitation." Id. In Foreman v. Callahan, 122 F.3d 24 (8th Cir. 1997), the Court stated, "[t]his Court, however, has 'previously concluded that borderline intellectual functioning . . . is a significant nonexertional impairment that *must* be considered by a vocational expert.'" Id. at 26 (citing Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997)). Similarly, in Lee v. Astrue, No. 10CV00840, 2011 WL 4342620 (E.D.Mo. Sept. 15, 2011), the Court stated, "[t]he Eighth Circuit has recognized that borderline intellectual functioning, if supported by the record . . .is a significant nonexertional impairment that must be considered by a VE. . . .The Court concludes that the ALJ committed reversible error by not including Plaintiff's intellectual limitations in his RFC,

2

Case 4:10-cv-01255-FJG   Document 14   Filed 02/28/12   Page 2 of 3

and hence, in the hypothetical question posed to the VE." Id. at *6. In the instant case, the Court finds that plaintiff's borderline intellectual functioning was diagnosed by a clinical psychologist and therefore is a medically determinable impairment, supported in the record. (T. 264-267). Accordingly, the Court finds that the ALJ erred by failing to recognize this as a significant nonexertional impairment. Because a nonexertional impairment existed, the ALJ also improperly relied on the Medical -Vocation Guidelines. In Talbott v. Bowen, 821 F.2d 511, 515 (8th Cir. 1987), the Court recognized, "where a claimant suffers from a nonexertional impairment which substantially limits his ability to perform gainful activity, the grid cannot take the place of expert vocational testimony."

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 12) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall properly consider plaintiff's borderline intellectual functioning, along with plaintiff's other nonexertional impairments and shall pose a proper hypothetical question to the vocational expert.

Date: <u>February 28, 2012</u>　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge