IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

NORMA THOMAS,                )
                             )
        Plaintiff,            )
                             )
vs.                          ) No. 10-1255-CV-W-FJG
                             )
MICHAEL J. ASTRUE,           )
                             )
        Defendant.            )

## ORDER

Currently pending before the Court is plaintiff's Application for Attorney Fees Pursuant to The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. # 16). Plaintiff had initially requested fees in an amount of $6,579.10. However, after discussion, the parties have agreed to award of attorney fees in the amount of $5,500.00.

## II. STANDARD

A plaintiff is entitled to EAJA fees if the Commissioner's position was not "substantially justified." Johnson v. Barnhart, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, *1 (W.D.Mo. Jan. 13, 2004). "The Secretary bears the burden of proving the denial of benefits was substantially justified. . . . The standard is whether the Secretary's position is clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003)(internal citations and quotations omitted).

28 U.S.C. § 2412(b) provides in part:

> [u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(d)(2)(A) further provides that:

'fees and other expenses' includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee).

### III. DISCUSSION

In the instant case, counsel for the Secretary does not contest the award of attorneys fees and in fact states that the parties have agreed to an award of fees in the amount of $5,500.00. However, simply because the parties have agreed to this amount, does not mean that the court must follow that recommendation. As the Court noted in Roark v. Astrue, No. 06-5211, 2008 WL 166955, *1 (W.D.Ark. Jan. 16, 2008), "[t]he Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner." The Court finds that an award of attorney fees is appropriate, but does agree with the parties that $5,500.00 is a reasonable amount.

Plaintiff's counsel billed a total of 37.25 hours for reviewing this file. This included entries of 1.00 hour to prepare a Motion to Proceed in forma pauperis; 1.25 hours to review an order granting the motion to proceed in forma pauperis, preparation and filing of the complaint; 5.0 hours to review the transcript and defendant's Answer and a conversation with the client; 24.00 hours to research and draft the plaintiff's twenty-one page brief; 1.25 hours to review defendant's brief and 1.25 hours to review the Order reversing and remanding the case and telephone call to client and 1.0 hours to prepare the EAJA fee application. Additionally, the Court notes that plaintiff's counsel billed his

2

time in fifteen minute increments for very routine tasks including: reviewing and preparing motions for extension of time and reviewing brief orders. Plaintiff's counsel states in his Affidavit that he has practiced Social Security Disability law for twenty-five years and has handled over 5,000 Administrative Hearings. He states that "[d]ue to my experience in the area of handling Social Security Claims, I think I am able to handle such cases as this in a more efficient manner than the average attorney." Billing in fifteen minute increments for routine tasks has repeatedly been found to be excessive. See Seba v. Barnhart, No. 00-4157-CV-C-SOW-SSA-ECF (W.D.Mo. Sept. 26, 2002). A court has discretion to reduce the amount of a fee award based on the substance of an attorney's representation. In Kramer v. Apfel, 57 F.Supp.2d 774 (S.D.Iowa 1999), plaintiff requested an award of $5,665.15, based on 41.1 attorney hours at the rate of $131.92, and $243.24 for costs. The Court however found the request unreasonable and noted that "[a]lthough the attorney's work in this case was valuable to the client, the issues were not novel or complex, and the hours counsel claims appear excessive." Id. at 775. The court noted that "[b]ased on this court's experience, the usual time claimed in cases involving issues that are not particularly complex or novel, such as the instant case, is fifteen (15) to twenty (20) hours." Id. See also, Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir. 1991)(per curiam)(attorney hours reduced due to excessive hours for preparation of routine letters, form complaint, and motion for summary judgment which contained "canned material"); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)(court reduced number of attorney hours due to excessive preparation time). Additionally, the Court would note that this is not the first time this Court has reduced counsel's fees in a Social Security case. See, Richardson v. Astrue, No. 05-621-CV-W-FJG-SSA (Doc. # 27); Woltkamp v. Astrue, No. 07-0421-CV-W-FJG-SSA, (Doc. # 28).

3

After reviewing the itemized listing of services submitted by plaintiff's counsel, the Court is convinced that a portion of counsel's time is excessive. As noted previously, even though plaintiff's counsel claims to be highly efficient, a number of entries were billed in quarter hour increments even though the tasks were quite routine. Additionally, plaintiff's counsel billed 24.00 hours for researching and writing plaintiff's brief. However, the brief itself is only 21 pages in length and contains a substantial amount of boilerplate law. Additionally, plaintiff's counsel has claimed 1.25 hours for reviewing defendant's brief which is only 14 pages in length. Thus, the Court finds that the time billed by plaintiff's counsel to be excessive in light of the relatively straightforward nature of the case and the fact that the arguments raised are neither novel or complex. Accordingly, the total number of hours claimed by plaintiff's counsel in his EAJA application will be reduced by fifty percent to 18.625 hours, which is within the guideline range of 15 to 20 hours suggested by the court in Kramer v. Apfel for cases which do not involve novel or complex issues.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that plaintiff shall be awarded attorney fees in the amount of $ 3,289.55, which represents 18.625 hours of attorney time at the rate of $176.62 per hour. The Government notes that pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the EAJA fee is subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States. The Government states that if there is no pre-existing debt, then the fee will be made payable to plaintiff's attorney based on the fee agreement which plaintiff signed.

Date: April 25, 2012　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge